*BOULDEN & AL. vs. HUGHES.*

APPEAL from the court of probates of the parish of Concordia.

BOULDEN & AL.
vs.
HUGHES.

8ns295
50  472

MARTIN, J. delivered the opinion of the court. The petitioners state, they are respectively creditors of the estate of Spark, who died in the parish of Concordia, leaving them a considerable estate, in land, negroes, &c. which was duly inventoried and appraised, in presence of a counsel appointed to represent the absent heirs; that he left two minor heirs, whose paternal uncle was appointed tutor, and possessed himself of the estate, sold the moveable property and removed the slaves to the parish of Washita, where he resided, and is since dead; that the defendant has caused himself to be appointed, in the court of probates of the parish of Washita, curator of Spark, and has taken the administration of the estate of the deceased.

The petition concludes, that as Spark died in the parish of Concordia, and his succession was opened, that the curator may be cited to answer, and the petitioners have, respectively, judgment for their claims, according to their

If the sum originally sued for be under $300, and a third party intervenes claiming a sum below $300, both claims cannot be cumulated to authorise an appeal, altho' they collectively exceed $300.

CASES IN THE SUPREME COURT

rank and privileges, and other relief, according to the justice of the case.

The defendant pleaded, he was not liable out of the parish of Washita, where he resides.

The plea was sustained, and the plaintiffs appealed.

Neither of their claims amounts to three hundred dollars, nor do they do so collectively; but a third party, since the judgment, has intervened as a creditor of the estate, for the purpose of appealing, and has done so. His claim is also under $300, but the aggregate amount of the three exceed that sum.

It is clear, we cannot take cognisance of the case. Distinct debts, due to different persons, cannot be joined or cumulated together, to make a sum of $300, in order to give jurisdiction to this court. *Preval & al. vs. Grigg & al.* vol. 5, 87.

But the appellants' counsel urges, that the estate of their debtor was of great value, upwards of $14,000, as appears by the inventory—and the Code of Practice, 1050, is relied on.

Before that code, there was a doubt, whether the value of the matter in dispute, (when there

was a contest for curatorship or tutorship,) was not the benefit the applicant could reap from the management of the estate; the code decides, that the value is, in such a case, the amount of the whole. But the present is a case of specific debts, not of the right to curatorship.

West'n. District.
*October*, 1829.

BOULDEN & AL.
*vs.*
HUGHES.

It is further contended, that the petitioners sue for their claims, *concurrently* with the other creditors of the estate. This *concurrency* cannot avail them—for, it may *lessen*, but never increase the amount coming to them.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be affirmed, with costs.

*Ogden* for plaintiffs, *Patterson* for defendant.